# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:** |
| **v.** | **:  CRIMINAL NO. 13-171-02** |
| **ASKIA WASHINGTON** | **:** |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of defendant Askia Washington's Motion for Discovery Pertaining to Claim of Selective Enforcement (docket no. 319), and the government's response to that motion, the Court orders that, within 14 days of the date of this order, the government shall produce to the defendant a summary, based on any available records, providing:

1. A list by case name and number of each defendant in every stash house robbery sting conducted by the Philadelphia Field Office of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), which is responsible for investigations in the Commonwealth of Pennsylvania, that occurred from 2009 until 2014 and was prosecuted. This list shall also include:

   • The race of each such defendant.

   • Whether an informant was used in the investigation that led to the prosecution and, if so, the race of the informant.

   • Whether the informant initiated contact with the defendant or the defendant initiated contact with the informant.

2. A list of every stash house robbery sting investigation conducted by the Philadelphia Field Office of ATF between 2009 and 2014 that did not result in arrest or prosecution. The list shall also include:

- • The race of the individual investigated ("target").

- • The race of any informant who participated in the investigation of the target.

- • Whether the informant initiated contact with the target or the target initiated contact with the informant.

- • The reason, if known, why the target was not arrested.

**BY THE COURT:**

_____
**The Honorable JOEL H. SLOMSKY**
**United States District Judge**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-171-02 |
| ASKIA WASHINGTON | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT
ASKIA WASHINGTON'S MOTION FOR DISCOVERY
PERTAINING TO CLAIM OF SELECTIVE ENFORCEMENT**

Defendant Askia Washington filed a motion seeking limited discovery regarding his claim of selective law enforcement. The government does not object to the request, with one caveat: The production should be limited to information regarding investigations of the Philadelphia Field Division of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), which undertook the law enforcement action in question. That regional division of ATF is responsible for investigations in the Commonwealth of Pennsylvania, which contains three federal judicial districts.

In this case, Washington was prosecuted in a "stash house sting," in which he and others conspired to steal 10 kilograms of cocaine from a stash house. The cocaine did not exist, as the sting was devised by the Philadelphia office of ATF. Washington was convicted at trial of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); conspiracy to possess with the intent to distribute five kilograms or more of

cocaine, in violation of 21 U.S.C. § 846 (Count Three); and attempted possession of five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (Count Four). The jury acquitted Washington of a firearm charge under 18 U.S.C. § 924(c), and the government then dismissed a firearm charge under 18 U.S.C. § 922(g). The court imposed a sentence of imprisonment of 22 years, and other penalties.

Before trial, Washington had moved for a hearing and discovery on the issue of racial profiling and selective prosecution, alleging that he had been targeted for prosecution by the government based on his race. He argued that the stash house sting and similar investigations improperly targeted minorities. This Court denied the motion, finding that Washington had failed to make the requisite threshold showing for such discovery, under *United States v. Armstrong*, 517 U.S. 456 (1996), and *United States v. Bass*, 536 U.S. 862 (2002) (per curiam),

In *Armstrong*, the Supreme Court held that, to succeed on a selective prosecution claim, a defendant "must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" 517 U.S. at 465, quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985). In keeping with this "rigorous standard" for proving a selective prosecution claim, the Court required "a correspondingly rigorous standard for discovery in aid of such a claim," and required the defendant to present "some evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent." *Armstrong*, 517 U.S. at 468. With respect to the discriminatory effect element, the Court held that a defendant must make a "credible showing" that similarly situated defendants of other

- 2 -

races could have been prosecuted but were not. *Id*. at 469-70. The Court stated that the standard for a selective prosecution claim "is a demanding one," and "the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims." *Id*. at 463-64.

On the basis of this standard, this Court denied discovery of other stash house prosecutions. However, it ordered the government to release redacted portions of an ATF policy manual on stash house sting operations, and defense counsel employed this manual in cross-examination at trial.

On appeal, the Third Circuit affirmed the conviction and sentence. It denied a claim that Washington's trial counsel was ineffective in opening the door on cross-examination to revelation of a previous drug conviction of the defendant, and also denied a due process challenge to imposition of a mandatory minimum sentence. The Court of Appeals concluded, however, that remand was warranted for further consideration of discovery respecting the claim of discrimination.

At this time, on remand, the defense requests this additional limited discovery:

A list by case name and number of each defendant in every stash house robbery sting conducted by ATF from 2009 until 2014 that has been prosecuted, either by indictment of information, in the Eastern, Middle and Western Districts of Pennsylvania, the District of New Jersey and the District of Delaware.

The race of each defendant.

Whether informants were used in the investigations that led to the prosecutions and, if so, the race of the informant.

Whether the informant initiated contact with the defendant or the defendant initiated contact with the informant.

If records exist, the following information pertaining to ATF sting investigations between 2009 and 2014 that did not result in arrest or prosecution:

• the race of the individual investigated ("target");

• the race of the informant who participated in the investigation of the target;

• whether the informant initiated contact with the target or the target initiated contact with the informant;

• the reason, if known, why the target was not arrested.

In order to expedite the litigation, the government does not object to the request, to the extent that it applies to the investigating agency, the Philadelphia Field Division of ATF.

Arguably, no further discovery at all is warranted at this time, and the government reserves the right to object to further discovery. In its decision in this case, the Third Circuit held that discovery requests in the present context are subject to a more relaxed standard than that set forth in *Armstrong*, as *Armstrong* concerned a claim of selective prosecution, touching on an area ordinarily given significant deference, whereas the issue here concerns selective "law enforcement." In this context, the Third Circuit held,

> While *Armstrong/Bass* remains the lodestar, a district court retains the discretion to conduct a limited pretrial inquiry into the challenged law-enforcement practice on a proffer that shows 'some evidence' of discriminatory effect. The proffer must contain reliable statistical evidence, or its equivalent, and may be based in part on patterns of prosecutorial decisions . . . even if the underlying challenge is to law enforcement decisions. Distinct from what is required under *Armstrong/Bass*, a defendant need not, at the initial stage, provide "some evidence" of discriminatory intent, or show that (on the effect prong) similarly situated persons of a different race or equal protection classification were not arrested or investigated by law enforcement. However, the proffer must be strong enough to support a reasonable inference of discriminatory intent and non-enforcement.

*United States v. Washington*, 869 F.3d 193, 220-21 (3d Cir. 2017).

- 4 -

The Third Circuit explained at length the considerable discretion of the district court in this inquiry. It contemplated that the court may consider testimony and materials of agency officials in camera. "Relevant information, having passed the filter, can also be disclosed to the defendant, although the district court retains discretion to forgo disclosure of or otherwise restrict the use of information that, while relevant to a selective enforcement claim, might not ordinarily be the sort of discovery material available to a criminal defendant under Fed. R. Crim. P. 16 or *Brady* and its progeny." *Id.* at 221. "Throughout, the district court must be mindful that the end 'goal' of such a discovery motion is a valid claim of selective enforcement under the heightened substantive standards, which we are not asked to diminish or distinguish. If the district court's initial or secondary inquiry sees that destination recede or stand still, not advance, the court operates within its discretion to deny additional discovery and to proceed to trial."

Here, it is debatable whether any further discovery is warranted. Washington already received the ATF manual, and was able to cross-examine the agent at length at trial. In his motion, Washington relies on four stash house sting prosecutions in this district which he says involved 20 African-American defendants. Whether or not that suggests a discriminatory "effect," it certainly does not meet the additional requirement stated by the Third Circuit that, to justify discovery, "the proffer must be strong enough to support a reasonable inference of discriminatory intent and non-enforcement." *Washington*, 869 F.3d at 220-21. It would be shocking to assert that, because federal law enforcement authorities have brought four cases involving 20 African-American

defendants, out of the thousands of cases and defendants responsibly prosecuted each year by federal officials in this state, that one may reasonably infer that those officials engaged in pernicious, intentional racial discrimination.

Nevertheless, given the narrowness of Washington's current request, apparently seeking only to confirm the universe of stash house prosecutions and investigations during the pertinent time period, the government does not object to the inquiry.

The production should be limited, however, to investigations conducted in Pennsylvania by the Philadelphia Field Division of ATF. Washington's suggested geographical limitation, to the districts of the Third Circuit, is overbroad. According to the Third Circuit, the inquiry here concerns selective enforcement, not prosecution, and the law enforcement operation here was conducted exclusively by ATF's Philadelphia office.

Indeed, the Third Circuit stated, "That limited discovery of this sort may be granted in one case does not guarantee—and should not guarantee—that it will be granted in another, similar case, even within the same district." *Id.* at 221. The Court added, "We emphasize that we are not directing the District Court to grant discovery; our collective thumbs are not on the scale. Rather, we commit the inquiry to the District Court's considerable discretion." *Id.* at 222.

Discovery regarding practices in other jurisdictions is particularly inappropriate here, not just because any operations in New Jersey and Delaware were conducted by different regional offices, but also because litigation is ongoing in New Jersey regarding the propriety of stash house stings that occurred there. For instance, in *United States v.*

- 6 -

*Robert Smith*, Cr. No. 14-152 (NLH) (NJ), the Third Circuit remanded for further consideration after its decision in *Washington*. The defendant there has requested much broader discovery regarding New Jersey cases, which the government has opposed. Consistent with the Third Circuit's guidance, that matter should be left to the considerable discretion of the New Jersey district court. The proceedings in this district should focus only on the decisions made in Washington's case, by the Philadelphia office that made them.

Respectfully yours,

WILLIAM M. McSWAIN
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals


*/s Eric B. Henson*
ERIC B. HENSON
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified

below through the Electronic Case Filing (ECF) system:

Mark S. Greenberg, Esq.
920 Lenmar Drive
Blue Bell, PA  19422

*/s Eric B. Henson*
ERIC B. HENSON
Assistant United States Attorney

Dated:  July 2, 2018.