# United States District Court
## For The Eastern District Of Pennsylvania
### Motion to Vacate, Set Aside or Correct a Sentence By a Person in Federal Custody
(Motion Under 28 U.S.C. § 2255)

Askia Washington

Docket or Case NO: 13-cr-00171

Prisoner No: 69032-066

## ASKIA WASHINGTON
### vs.
## UNITED STATES

## Ground One: Substantive Due Process Violation

Petitioner was charged with fictitious stash house that was all planned by ATF Agents. The Government burden to prove a violation of the Hobbs Act is a slight or Minimal effect. The burden was met by creation of the crime and the drugs which origin is in another country and travels in interstate commerce. Petitioner could not argue impossibility, which is the only plausible defense, because by Law, impossibility is not a defence to inchoate crime, thus stripping petitioner of a affirmative defense because of the fictitious Hobbs Act and Drug charge.

## Direct Appeal of Ground One: It is a constitutional Claim.

## Ground Two: Denied ineffective assistance of Counsel.

Petitioner was denied ineffective assistance of Counsel, as a right, during trail/direct appeal stages for both of his attorneys for unprofessional conduct and appellant attorney using an improper vehicle to argue the unprofessional conduct.

## Argument.
Petitioner trail Attorney Roland Jarvis was drinking during petitioners trail which was extremely unprofessional conduct and the U.S. Attorney also noticed that Attorney was drinking. On appeal Mark S. Greenberg argued that Mr. Jarvis was intoxicated during petitioner's trail when as an experienced attorney he should have known that direct appeal was not a proper vehicle to argue ineffective assistance of Counsel.

## My Lawyer raised this issue on my direct appeal.

## Ground Three:
Petitioner was denied effective assistance of counsel, as a right, post trail/sentencing phase for Attorney failing to challenge petitioner designation as a career offender. One of petitioners prior predicates that was used to designate him as a career offender was a Pennsylvania aggravated assault. In that statute and committing a crime recklessly lacks the proper mensrea and attorney failed to challenge/argue it.

**Ground FOUR:** Petitioner was denied effective assistance of counsel as a right, post trail/sentencing phase/Direct appeal for Attorney failing to raise sentencing manipulation.

In petitioners case the Government conduct in setting a quanity of "five kilograms or more of Cocaine" to secure a mandatory minimum of 10 years at least, if defendant was convicted, was a clear cut manipulation of the sentencing and Attorney failed to argue it at any stage post trial.

**Direct Appeal of Ground Four:** The Attorney failed to raise sentencing manipulation.

**Attorneys:** Roland Jarvous/Mark S. Greenberg was my trail attorney and sentencing attorney / Direct appeal Attorney.

**Ground Five:** Petitioner was denied effective assistance of Counsel, as a right during sentencing/Direct appeal, for Attorney failing to raise a claim of "Outrageous Government conduct".

Petitioner asserts that an indictment may be dismissed by a district was when the conduct of the government violates due process. Petitioner was charged and convicted of a case, wholly created by the government, where no drugs or drug dealer existed, and was charged and convicted of conspiring to posses with intent to distribute the fictitious drugs. Petitioner asserts that he doesn't think Congress intended to give out mandatory minimums for drugs that do not exist and attorney failed to attack the issue.

**Ground SIX:** Petitioner was denied effective assistance of counsel, as a right, during trial, for attorney failing to argue an entrapment defense.

Petitioner was arrested in a fictitious case and felt that his best and only defense was to argue entrapment, which petitioner expressed to attorney, but attorney failed to do so.

**Ground Seven:** The courts enhanced petitioner 2 points for the use of a violent weapon which petitioner was aquited of and my Attorney failed to challange.

Ground Eight: Miscarraige of Justice, Procedural Fairness, Jurisditional Defect. Predudice to Excuse Procedural Default.

Failure to consider the claim will result in a fundamental miscarraige of justice. Actual innocence claim...

Febuary 4, 2021

Askia Washington
#69032-066

Askia Washington

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Motion to Vacate, Set Aside or Correct a Sentence
## By a Person in Federal Custody
## (Motion Under 28 U.S.C. § 2255)

### INSTRUCTIONS

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States District Court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly you will be asked to submit additional or correct information. If you want to submit a brief or arguments you must submit them in a separate memorandum.

6. There is no filing fee for the habeas corpus motion. If you cannot pay for the other costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). **To do that you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.**

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. 28 U.S.C. § 2255 provides that there is a 1-year statute of limitations which runs from the latest of:

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

9. 28 U.S.C. § 2244(b)(3)(A) provides that before you can file a second or successive habeas corpus motion in the District Court you must file a motion with the Third Circuit Court of Appeals for an order authorizing the District Court to consider your second or successive habeas corpus motion. 28 U.S.C. § 2255 provides that the second or successive habeas corpus motion must be certified by the Court of Appeals to contain:

    (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

    (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

10. When you have completed the form, send the original to the Clerk of the United States District Court at this address:

> Clerk, United States District Court
> for the Eastern District of Pennsylvania
> 601 Market Street, Room 2609
> Philadelphia, PA 19106

11. **CAUTION: You must include in this motion all of the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all of the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

12. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|---|
| Name (under which you were convicted): Aklia Washington | | Docket or Case No.: 13-cr-00171 |
| Place of Confinement: FCI Allenwood | | Prisoner No.: 69032-066 |
| UNITED STATES OF AMERICA　Aklia Washington | v. | Movant (include name under which convicted) United States |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   Answer → United States District Court of Eastern District of Pennsylvania

   (b) Criminal docket or case number (if you know): 13-Cr-00171

2. (a) Date of the judgment of conviction (if you know): June 19, 2015
   (b) Date of sentencing: June 13, 2016

3. Length of sentence: 264 months 10yrs Supervised Probation

4. Nature of crime (all counts): 18 U.S.C. 1951(a), 18 U.S.C. 1951(a) and
   Answer → 18 U.S.C. 2, 21 U.S.C. 846 and 841(b)(1)(A), 21 U.S.C.
   846 and 841(b)(1)(A) And 18 U.S.C. 2.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☑　(2) Guilty ☐　(3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?
   N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9. If you did appeal, answer the following:
   (a) Name of court: United States District Court for Eastern District of Pennsylvania
   (b) Docket or case number (if you know): 13-cr-00171-002
   (c) Result: Affirmed in part and remanded in part
   (d) Date of result (if you know): Aug. 28, 2017
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: Racial Profiling / Selective Prosecution

   Answer ↗

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑    No ☐

   If "Yes," answer the following:
   (1) Docket or case number (if you know): 17-6986 - 13-cr-00171-002
   (2) Result: Denied
   (3) Date of result (if you know): January 8, 2018 Decided
   (4) Citation to the case (if you know): _____
   (5) Grounds raised: ineffective assistance of Counsel

   Answer ↗

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?    Yes ☐    No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____
   　　　(2) Docket or case number (if you know): _____
   　　　(3) Date of filing (if you know): _____N/A_____
   　　　(4) Nature of the proceeding: _____
   　　　(5) Grounds raised: _____

   _____
   _____
   _____
   _____
   _____
   _____
   _____

   　　　(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   　　　　　　　Yes ☐　　　No ☐
   　　　(7) Result: ____N/A_____
   　　　(8) Date of result (if you know): ____N/A_____

   (b) If you filed any second motion, petition, or application, give the same information:
   　　　(1) Name of court: _____
   　　　(2) Docket of case number (if you know): ____N/A_____
   　　　(3) Date of filing (if you know): ____N/A_____
   　　　(4) Nature of the proceeding: ____N/A_____

   　　　(5) Grounds raised: _____

   _____
   _____
   _____
   _____
   _____
   _____

   　　　(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   　　　　　　　Yes ☐　　　No ☐
   　　　(7) Result: ____N/A_____
   　　　(8) Date of result (if you know): ____N/A_____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:     Yes ☐     No ☐   N/A
    (2) Second petition:   Yes ☐     No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Substantive Due Process Violation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was charged with a fictitious stash house sting that was all planned by ATF agents. The Government's burden to prove a violation of the Hobbs Act is a slight or minimal effect. The burden was met by creation of the crime and the drugs, which origin is in another country and travels in interstate commerce. Petitioner could not argue impossibility, which is the only plausible defense, because by law, impossibility is not a defense to inchoate crime, thus stripping petitioner of a affirmative defense because of the fictitious Hobbs Act and Drug charge.

(b) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?   Yes ☐   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: It is a constitutional claim

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?  Yes ☐  No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?  Yes ☐  No ☑

(4) Did you appeal from the denial of your motion, petition, or application?  Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?  Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Issue was not raised on direct appeal because it's a constitutional claim

**GROUND TWO:** Denied ineffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner was denied effective assistance of Counsel, as a right, during trial/direct appeal stages for both of his attorneys for unprofessional conduct and appealant

attorneys using an improper vehicle to argue the unprofessional conduct. Arguement: Petitioners trial Attorney, Roland P. Jarvis, was drinking during petitioners trial which was extremely unproffessional conduct, and the US Attorney also noticed that Attorney was drinking. On appeal, Mark S. Greenberg argued that Mr. Jarvis was intoxicated during petitioners trial when, as an experienced attorney, he should have known that direct appeal was not a proper vehicle to argue ineffective assistance of counsel.

**(b) Direct Appeal of Ground Two:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?   Yes ☑   No ☐

  (2) If you did not raise this issue in your direct appeal, explain why: My Lawyer raised this issue.

**(c) Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?   Yes ☐   No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:
     Type of motion or petition: _____
     Name and location of the court where the motion or petition was filed: _____

     Docket or case number (if you know): _____
     Date of the court's decision: _____
     Result (attach a copy of the court's opinion or order, if available): _____

  (3) Did you receive a hearing on your motion, petition, or application?   Yes ☐   No ☑
  (4) Did you appeal from the denial of your motion, petition, or application?   Yes ☑   No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?   Yes ☑   No ☐
  (6) If your answer to Question (c)(4) is "Yes," state:
     Name and location of the court where the appeal was filed: District Court
     Docket or case number (if you know): _____
     Date of the court's decision: _____
     Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

GROUND THREE: Petitioner was denied effective assistance of Counsel, as a right, post trial/sentencing phase, for Attorney failing to challenge petitioner designation as a career offender.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

One of Petitioner's prior predicates that was used to designate him as a career offender was a Pennsylvania aggravated assault. In that statute, recklessly is a way you can violate the statute and committing a crime recklessly lacks the proper mensrea and attorney failed to challenge/argue it.

_____

_____

_____

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?　Yes ☑　No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?　Yes ☐　No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?    Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?    Yes ☑   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **District Court**

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

**GROUND FOUR:** Petitioner was denied effective assistance of counsel as a right, post trial/sentencing phase/Direct appeal, for Attorney failing to raise sentencing manipulation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In petitioners case, the Government conduct in setting a quantity of "five kilograms or more of Cocaine," to secure a mandatory minimum of 10 years at least, if defendant was convicted, was a clear cut manipulation of the sentencing, and attorney failed to argue it at any stage post-trial.

**(b) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    Yes ☑   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: The attorney failed to raise sentencing manipulation.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application? Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application? Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application? Yes ☑ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing: Roland Jarvous / Mark S. Greenberg

    (b) At the arraignment and plea: _____

    (c) At the trial: _____

    (d) At sentencing: _____

    (e) On appeal: _____

    (f) In any post-conviction proceeding: _____

    (g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☑    No ☐

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    Commonwealth of Pennsylvania

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☑ No ☐

17. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.[1] Because the Honorable Judge Joel Slomsky gave me an extension for 60 days.

---

[1] 28 U.S.C. § 2255(f), provides that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____
_____
_____
or any other relief to which movant may be entitled.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on Feb. 4, 2021 .
*(month, date, year)*

Executed (signed) on _____
*(date)*

*Askia Washington*
*Signature of Movant*

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.
_____
_____
_____

Askia Washington #69032-066
FCI Allenwood P.O. Box 2000
White Deer, Pa 17887



HARRISBURG P&DC 171
SAT 06 FEB 2021 PM

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER
FEB 0 4 2021

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS NEITHER BEEN OPENED NOR
INSPECTED IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION YOU MAY WISH TO RETURN THE
MATERIAL FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.

U.S.M.X-R.A.V.

Clerk, United States
District Court for
Eastern District of
Pennsylvania
601 Market Street, Room 2609
Philadelphia, Pa 19106

Legal Mail                                      CC