Pro se

Defendant Askia Washington  F.C.I Allenwood
P.O. Box 2000
White Deer, PA 17887          Case # 13-171-2

United States District Court

District of Pennsylvania

| United States of America | : Motion for Compassionate |
| Plaintiff, | : Release 3582 (c) |
|  | : (1)(A)(i) and Court |
| v. | : Appointed Counsel |
| Askia Washington, | : Emergency (I have |
| Defendant | : Covid-19). |

## I. Introduction

Currently we are in a deadly Pandemic that infected over 10.3 million Americans and killed over 245,000. The cases are spiraling out of control and the deaths are on the rise. There is no vaccine for COVID-19 and the only proven effective way to protect yourself from this lethal disease, is to wear a mask, avoid large gatherings, and social distance yourself from others (6') apart, according to the CDC. I am a federal inmate serving a **264** month sentence for a Reverse Sting Stash House Fictitious Attempted Robbery and have been incarcerated for **93** months to date. My prison is experiencing an active Outbreak, and I am in fear for my life. This Institution is not testing everyone and they're ill equipped to combating Covid-19. For example, they

have one Doctor and Two PA's for over 1000 inmates. The hospitals are over capacity with people who are sick with COVID 19 and need to be hospitalized. Experts in infectious diseases are urging the courts to immediately decrease the Prison and Jail populations. This, of course, is not realistic for every prisoner. Not every prisoner is safe to remain in the community at this time. However, there are many nonviolent inmates that can safely and appropriately remain in the community with strict supervision, including Home Confinement (the strictest supervision the court could impose, to ensure safety to the public and reduce recidivism).

This Institution has and is on a "Modified Operations" schedule since April 1, 2020; we are now in the fourth week of October. This "Modified Operations" has deterred the inmates from Programming, Visits, Exercise, and Religious Services. The inmates have been denied "safety" (reasonable safety) that is. And they have been denied their right to decent conditions in prison, amongst their right to be free from "cruel and unusual punishment."

This Institution just got off a Twenty-Three Day Lockdown (Due to the Immense OutBreak). They were not allowed any out of the cell time for exercise and Family Communication. These conditions are beyond punitive, these conditions are inhuman and brutal and furthermore unconstitutional. The Supreme Court observed in Helling v. McKinney, that " a remedy for unsafe conditions in prison need not await a tragic event." Surely, that is the case here.

Please see US v. Al Kassar, "Federal prisons are "prime candidates" for the spread of COVID-19".

Here, Petitioner does not dispute the severity of His crime. His crime was egregious. The court did not take these harsh, tortorous, punitive conditions into consideration at the time of sentencing and should be considered now. Petitioner is being punished significantly for His crime.

Accordingly, for the reasons argued herein, the Court should grant Washington's Compassionate Release pursuant to

Title 18 U.S.C. 3582(c)(1)(A)(i) for extraordinary and compelling reasons.

## II. Background

On December 21, 2018; the President signed the First Step Act into Law, removing a major obstacle from Judicial review of sentences to determine whether "extraordinary and compelling reasons" exist to permit a sentence reduction that is "sufficient, but not greater than necessary," under 18 U.S.C. 3553(a). First Step Act of 2018, Pub.L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). Under FSA, this Court is afforded to make the 3553(a) determination of whether __93__ months is "sufficient, but not greater than necessary to accomplish the goals of sentencing. Congress changed the Process for Compassionate release through the FSA based on criticism of the BOP's inadequate use of its Authority, returning to the Federal Judiciary the Authority to reduce sentences for "extraordinary and compelling Reasons."

The Courts now have broad discretion to decide what is "extraordinary and compelling, including under "Other Reasons." As determined by the Director of the BOP, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (c).

## III. Administrative Remedies

Mr. Washington has exhausted his Administrative Remedies

On Nov. 5, 2020; Mr. Washington submitted a request for Compassionate Release to the Warden of FCI ALLENWOOD requesting the BOP move under 18 U.S.C. 3582(c)(1)(A) for a reduction in sentence. (Denial from the Warden, attached as Exhibit A).

## IV.

Mr. Washington, would pose no danger to any person or the community, 18 U.S.C. 3142 (g)(4).

If the Court is concerned about any risk the defendants release would pose to the public it can mitigate those risks by fashioning appropriate terms of his supervised release. See 18 U.S.C. 3142 (g) (noting conditions of release can mitigate danger to the community); see also United States v. Gray, 2019 U.S. Dist. Lexis 160593 (finding that post-release supervision would serve "as a sanction and general deterrent, appropriately recognizing the seriousness" of the defendants conduct).

## V. Conclusion

Mr. Washington does not dispute the severity of his crime, nor does he seek to minimize the harm he may have caused to the public. Rather, Mr. Washington presents extraordinary and compelling reasons in support of compassionate release as embodied by the First Step Act. A reduction in Washington's sentence is consistent with the sentencing guidelines, and Mr. Washington no longer poses a danger to society. Moreover, granting compassionate release would not diminish the goals of sentencing under 3553(a). Because Mr. Washington satisfies the requirements for compassionate release, it is unnecessarily retributive and punitive to continue to incarcerate Mr. Washington during

this deadly pandemic (especially with Flu season here.) This is a matter of life and death with some of His Health issues.

Accordingly, for all of thee above reasons, the court can, and should grant this Motion and reduce Mr. Washingtons sentence to time served and appoint counsel for further arguments.

Respectfully Submitted,
Ashia Washington

# INFORMATION FOR THE INMATE POPULATION
## (Effective: Tuesday, November 17, 2020)

*3B Housing Unit*

SUBJECT: Modified Operations (COVID-19)

On Monday, November 16, 2020, numerous positive cases of COVID-19 were identified in unit 3B. Accordingly, the unit has been secured to help mitigate the spread. Nationwide, this virus is impacting all communities, and we must take action to ensure everyone's safety.

Health services will make daily rounds in the unit. During this period, inmates are encouraged to report all COVID-19 related symptoms (fever, chills, shortness of breath, exhaustion, etc.) and speak with a health services professional regarding any issues. Additional COVID-19 testing will be completed on Monday, November 23rd.

**MOVING FORWARD:**
- Visiting and commissary have been canceled.
- Laundry exchange will take place in the unit on Wednesday, November 18, 2020.
- Showers will be provided Mondays, Wednesdays, and Fridays; however, each time you are outside of your cell, for your protection, facial coverings must be worn. Facial coverings continue to not only be an important part of mitigating this virus, it is also a requirement.

My staff and I will continue to make rounds throughout the units to address any concerns. You will continue to receive two hot meals daily. We will update you with new information as it becomes available.

_____   _____11/17/2020_____
C. Howard, Warden            Date

3B-101

| | |
|---|---|
| From: | ^!"WASHINGTON, ^!ASKIA" <69032066@inmatemessage.com> |
| To: | |
| Date: | 1/6/2021 3:06 PM |
| Subject: | ***Request to Staff*** WASHINGTON, ASKIA, Reg# 69032066, ALM-C-B |

To: Medical
Inmate Work Assignment: unit/ord

***ATTENTION***

Please cut and paste the message indicator below into the subject line; only this indicator can be in the subject line.
9fa6ea84-6d15-4dd1-b26b-ccc697ec0a2f
Your response must come from the departmental mail box. Responses from personal mailboxes WILL NOT be delivered to the inmate.

***Inmate Message Below***


Can you please send me my medical records i had covid-19 and need my records of this for my court hearing thank you in advance......

# Bureau of Prisons
# Health Services
# COVID-19 RNA

| Begin Date: | 12/16/2019 | End Date: | 01/07/2021 |
|---|---|---|---|
| Reg #: | 69032-066 | Inmate Name: | WASHINGTON, ASKIA |

(Reference Range - Negative)

| **Effective Date** | **COVID-19 RNA** | | **Provider** |
|---|---|---|---|
| 11/16/2020 07:52 ALX | Positive | Asymptomatic | Elders, Teresa Phlebotomist |
| Orig Entered: | 11/17/2020 07:53 EST | Elders, Teresa Phlebotomist | |

Total: 1

Copy provided 2-17-21
R. Divers MD

ASKIA WASHINGTON, 69032-066
ALLENWOOD MED FCI    UNT: UNIT 3B    QTR: C05-101L
P.O. BOX 2500
WHITE DEER,  PA 17887

```
WASHINGTON, Askia
Reg. No.: 69032-066
Appeal Number: 1067555-F1
Page 1
```

## Part B - Response

This is in response to your Request for Administrative Remedy received on January 15, 2021, in which you are requesting to be re-considered for Compassionate Release.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Your request for Compassionate Release/RIS was reviewed and denied on November 18, 2020. Our records indicate you are 41 years old. You have not been diagnosed with a terminal medical condition, and you are not disabled or unable to perform activities of daily living. Your condition does not diminish your ability to function in a correctional environment. The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, based on your current medical conditions, you do no warrant an early release from your sentence.

Based on this review, it has been determined there are no extraordinary or compelling circumstances which warrant consideration for Reduction in Sentence.

Accordingly, your request for administrative remedy is denied.

If you are not satisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Streets, 7th Floor, Philadelphia, Pennsylvania, 19106, within 20 calendar days of this response.

2/10/2021
Date

P. Gibson
Acting, Warden

# REQUEST FOR ADMINISTRATIVE REMEDY

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

RLD 1/20/21

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Washington, Askia B.**  69032-066  3B  FCI Allenwood
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

## Part A - INMATE REQUEST

I would like to put in a reconsidration for compassionate Release.

1-20-21
DATE

*Askia Washington*
SIGNATURE OF REQUESTER

## Part B - RESPONSE

RECEIVED FEB 0 3 2021 BY: _____

DATE _____    WARDEN OR REGIONAL DIRECTOR _____

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: 1067555-F1

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: _____

DATE _____    RECIPIENT'S SIGNATURE (STAFF MEMBER) _____

FPI-PEPR    BP-229(13) APRIL 1982

Name: WASHINGTON, Askia
Reg. No.: 69032-066
Unit: 3B
Page 1

---

**Inmate Request to Staff Response**

This is in response to your Inmate Request to Staff, received on November 5, 2020, wherein you request a Compassionate Release/Reduction in Sentence (RIS), or release to home confinement based upon concerns about contracting COVID-19.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Your request for Compassionate Release/RIS has been reviewed. Our records indicate you are 40 years old. Your medical record does not indicate you suffer from a terminal medical condition. You are not disabled or unable to perform activities of daily living. You do not have a condition that diminishes your ability to function in a correctional environment. The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

Currently, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") grants discretion to the BOP to place inmates on home confinement for a longer term under 18 U.S.C. § 3624(c)(2). The BOP's discretion is guided by criteria listed in memoranda from the Attorney General.

A comprehensive review of your circumstances revealed your current offense is categorized as a crime of violence and that you currently

have a detainer. Additionally, you have not completed 50% of your sentence, and you currently maintain a High risk for recidivism and a Medium security level. Inmates who have anything above a Minimum score are not receiving priority placement. Likewise, priority placements are given to inmates residing in Low and Minimum security facilities. Therefore, you are not a suitable candidate for home confinement placement.

Accordingly, your request for Compassionate Release/RIS and home confinement placement is denied. If you are not satisfied with this response to your request, you may appeal this decision through the Administrative Remedy Process.

__11/18/2020__  
Date

Catricia L. Howard  
Warden



*Copy provided 1-20-21*
*R.Sivers TD*

## REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 11, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ALLENWOOD MED FCI

TO  : ASKIA WASHINGTON, 69032-066
      ALLENWOOD MED FCI    UNT: UNIT 3B    QTR: C05-101L
      P.O. BOX 2500
      WHITE DEER, PA 17887

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 1064256-F1    ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED    : JANUARY 11, 2021
SUBJECT 1        : REDUCTION-IN-SENTENCE REQUEST
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS         : MULTIPLE ISSUES ON ADMIN REMEDY


RECEIVED FEB 03 2021 BY:

ASKIA WASHINGTON, 69032-066
ALLENWOOD MED FCI    UNT: UNIT 3B    QTR: C05-101L
P.O. BOX 2500
WHITE DEER,  PA 17887

Copy provided 2-17-21
R Divers TD

WASHINGTON, Askia
Reg. No.: 69032-066
Appeal Number: 1067549-F1
Page 1

---

## Part B - Response

This is in response to your Request for Administrative Remedy received on January 15, 2021, in which you are requesting to be re-considered for Compassionate Release.

A review of this matter reveals this issue was previously addressed in Administrative Remedy #1067555-F1

Therefore, based on the above information, your request for Administrative Remedy is denied.

If you are not satisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Streets, 7th Floor, Philadelphia, Pennsylvania, 19106, within 20 calendar days of this response.

2/10/2021
Date

P. Gibson
Acting, Warden

# U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Washington, Askia B.    69032-066    3B-101    Allen Wood FCI
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

## Part A - INMATE REQUEST

I was Denied for Commpassionate Release and im Just following the chain of command so I can get A court hearing.

1/13/21
DATE

Askia Washington
SIGNATURE OF REQUESTER

## Part B - RESPONSE

RECEIVED FEB 0 3 2021 BY: _____

_____ DATE      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 1067549-F1

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____ DATE      RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR    PRINTED ON RECYCLED PAPER    BP-229(13) APRIL 1982

Askia Washington #69032-066
FCI Allenwood P.O. Box 2000
White Deer, Pa 17887

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500
MAR 0 8 2021
DATE

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

U.S. District
Clerk of Court
601 Market St.
Phila, Pa 19106

"Legal Mail"